WILLIAM BURTON *v.* STATE OF ARKANSAS

5770 & 5771                           485 S.W. 2d 750

Opinion delivered October 23, 1972

*Givens & Capps,* for appellant.

*Ray Thornton,* Atty. Gen., by: *James A. Neal,* Asst. Atty. Gen., for appellee.

Lyle Brown, Justice. In case 5770 appellant was convicted of violating Ark. Stat. Anno. § 41-1127 (Repl. 1964) making it unlawful for a person, with lascivious intent, to knowingly and intentionally expose his or her private parts to a person under the age of fourteen years. For reversal appellant contends (1) that the information charged a crime on October 14, 1971, and the evidence indicated the crime, if committed, was on August 7, 1971, and (2) that the State failed to prove lascivious intent.

In case 5771 the trial court revoked a suspended sentence as an aftermath of the first recited incident. Appellant contends that such action was arbitrary.

The evidence for the State consisted of the testimony of a thirteen-year old female and her sister of the age of fifteen years. That testimony indicated that the girls were walking home from Southwest City Mall in Little Rock; that they heard a cough and some leaves rustling; and that they looked in that direction and saw a nude man, standing or sitting by a tree, fondling his privates. The distance between the appellant and the girls was comparable to the length of the courtroom. The girls conceded that the man made no overtures to them.

If appellant was acting in such manner toward the girls as to indicate sexual interest, or if his acts were expressive of lust or lewdness, or if his actions were for

the purpose of arousing his sexual desire, then, in either eventuality his actions were "lascivious". *The Random House Dictionary* (1967). The trial court was warranted in finding, from all the circumstances in the case, that lascivious intent was established.

The next point concerns the variation in the dates in the information and the evidence. In the first place we find no objection to have been made at the trial level. Secondly, the corrected date was furnished in a bill of particulars prior to the trial, and that was sufficient. *Inklebarger* v. *State,* 252 Ark. 953, 481 S.W. 2d 750.

Now as to the revocation of a suspended sentence in case 5771. That case was pending in another court division. At the time of the hearing thereon, appellant had been convicted but had not been sentenced in case 5770. We see no sound reason why the court, in 5771, could not take cognizance of the conviction in 5770 prior to his being sentenced in 5770. Furthermore, no prejudice was shown because the trial court in the indecent exposure case postponed sentence in that case so that the sentence could be made to run concurrently with the sentence in case 5771. Appellant has wholly failed to show a gross abuse of discretion, which is required before this court will disturb a revocation. *Maddox* v. *State,* 247 Ark. 553, 446 S.W. 2d 210 (1969).

Affirmed.