Edward MINICK *v.* STATE of Arkansas

CR 74-2                                              509 S.W. 2d 289

Opinion delivered May 13, 1974

*Davis & Douglas,* for appellant.

*Jim Guy Tucker*, Atty. Gen., by: *Alston Jennings, Jr.*, Asst. Atty. Gen., for appelee.

J. FRED JONES, Justice. This is an appeal by Edward Minick from a circuit court judgment revoking a previously suspended 15 year penitentiary sentence and ordering the 15 years imprisonment to run and be served consecutively with a five year sentence awarded in a subsequent case on a plea of guilty for assault with intent to kill.

The facts appear as follows: On April 5, 1963, Minick entered a plea of guilty to the felony charge of assault with intent to kill in case No. 3392 and the trial court pronounced penalty in language as follows:

"It is therefore ordered that Edward Minick be and is hereby found guilty of Assault with Intent to Kill and his punishment fixed at 20 years in the State Penitentiary, 5 of 20 years is hereby pronounced upon defendant and pronouncement of 15 years of 20 years is deferred upon condition defendant behavior is proper."

Minick was released from the penitentiary after serving five years under the above sentence and on August 18, 1972, which was nine years, three months and 13 days following his previously suspended sentence, he was again accused in case No. 3623 of committing a felony by assaulting the sheriff of Carroll County with a deadly weapon while the sheriff was in the performance of his official duty. On November 13, 1972, Minick again entered a plea of guilty, whereupon he was sentenced by the trial court to confinement in the penitentiary for a period of five years as punishment for assaulting a police officer with a deadly weapon, and at the same time the trial court granted a petition of the prosecuting attorney to revoke the suspension of the sentence in the former case in language as follows:

"IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED BY THE COURT that the defendant, Edward Minick, is guilty as charged, and that he be and hereby is sentenced to confinement with the State Department of Correction for five years, with said sentence to run consecutive with the Fifteen years

awarded in case number 3392 for a total commitment of twenty years."

On appeal to this court Minick contends that the trial court erred in pronouncing a previously deferred 15 year sentence and "in disregarding the provisions of Ark. Stat. Ann. § 43-2331 (Supp. 1965)." We find no merit to appellant's contention. Ark. Stat. Ann. § 43-2331 (Supp. *1973*) reads as follows:

"Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, the circuit court in which such judgment is entered, when satisfied that the ends of justice and the best interest of the public, as well as the defendant, will be served thereby, *in addition to the procedure set out in Act 76 of 1923, as amended, and Act 158 of 1945* [§§ 43-2324—43-2326], *the court may suspend the imposition or execution of sentence* and place the defendant on probation for such period and upon such terms and conditions as the court deems best.

Probation may be granted whether the offense is punishable by fine or imprisonment or both. If any offense is punishable by both fine and imprisonment, the court may impose a fine and place the defendant on probation as to imprisonment. Probation may be limited to one or more counts or indictments or information, but in the absence of express limitation, shall extend to the entire sentence and judgment.

The court may revoke or modify any condition or probation or may change the period of probation. .

The period of probation, together with any extension thereof, shall not exceed five (5) years.

While on probation and among the conditions thereof, the defendant:
(a) may be required to pay a fine in one or several sums; and
(b) may be required to make restitution to aggrieved parties for actual damages or loss caused by the offense for which conviction was had; and
(c) may be required to provide for the support of any

person for whose support he is legally responsible " (Emphasis added).

This section (§ 43-2331) is Section 1 of Act 818 of the Acts of 1973 entitled "AN ACT to Provide for the Suspension of Sentence and Probation of Defendants; and for Other Purposes." Section 6 of Act 818 provides as follows:

"Act 438 of 1965 and all other laws and parts of laws in conflict with this Act are hereby repealed."

Section 1 of Act 818 of 1973 (§ 43-2331 *supra*) is an exact copy, and therefore a re-enactment, of Section 1 of Act 438 of 1965. Thus it is seen that while Section 6 of Act 818 of 1973, *supra*, repeals all laws and parts of laws in conflict with the Act, the Act specifically recites that it is *in addition* to the procedure set out in Act 76 of 1923, as amended, and Act 158 of 1945. Act 158 of 1945 is only four lines long and provides that all courts of record shall have authority to suspend the execution of jail sentences or the imposition of fines or both in all criminal cases pending before said court.

Act 76 of 1923 is entitled "AN ACT to authorize circuit judges to suspend sentences upon certain conditions and for other purposes." The pertinent provisions of this Act read as follows:

"Section 1. Whenever, in criminal trials in circuit court, a plea of guilty shall have been accepted or a verdict of guilty shall have been rendered, the judge trying the case shall have authority, if he shall deem it best for the defendant and not harmful to society, *to postpone the pronouncement of final sentence and judgment* upon such conditions as he shall deem proper and reasonable as to probation of the person convicted, the restituion of the property involved, and the payment of the costs of the case.

Section 2. Such judge shall have power, at any time the court may be in session, to revoke the suspension and postponement mentioned in Section 1 of this Act, and to pronounce sentence and enter final judgment in such cause whenever that course shall be deemed for the best interests of society and such convicted person.

Section 3. In any case where the pronouncement of final judgment and sentence shall have been postponed, as provided by Section 1 of the Act, all costs shall be considered due and payable just as if such sentence and judgment had been pronounced, it being the intention of this Act that such postponement, so far as liability for costs is concerned, shall be regarded as a conviction." (Emphasis added).

The appellant argues that the proviso appearing in Section 1 of both the 1965 Act and the 1973 Act (§ 43-2331) providing "The period of probation, together wth any extension thereof, shall not exceed five (5) years," in some manner places a limitation on the sentence which was suspended and which suspension was revoked in this case. In his brief the appellant states: "The trial court concluded as a matter of law that the 'limitation of 5 years on suspended sentence imposed by Arkansas Statutes, Section 43-2331 was passed by the General Assembly in 1965, and has no application to petitioner's sentence in case No. 3391, which commenced to run on April 5, 1963.'" If the appellant is correct in this assertion, we are of the opinion that the trial court was correct in reaching this conclusion.

In the first place the five year limitation referred to by the appellant is not a limitation on suspended sentences. It is a limitation on "the period of probation, together with any extension thereof." Even if the five year limitation above referred to was a limitation of *suspended sentences*, the court did not err in the case at bar because the appellant was tried and convicted and the 15 year sentence suspended in 1963 prior to the five year limitation imposed by the Legislature in 1965. The appellant in the case at bar was not *placed on probation* following his admitted assault on the sheriff in 1972. He was sentenced to five years in the penitentiary upon his plea of guilty to that charge and suspension of the sentence or probation on any part of it was not involved in that case at all. At that time the trial court merely pronounced the 15 year sentence he had deferred on April 5, 1963, and as he had a right to do at any time during the period of suspension or deferment under Section 2 of Act 76 of 1923, as amended by Act 262 of 1945 and Act 44 of 1953, Ark. Stat. Ann. § 43-2324 (Repl. 1964), See *Canard v. State*, 225 Ark. 559, 283 S.W. 2d 685; *Gerard v. State*, 235 Ark. 1015, 363 S.W. 2d 916.

The judgment is affirmed.

BYRD, J., dissents.