Jimmy O. WALKER *v.* STATE of Arkansas

CR 77-67                                   555 S.W. 2d 228

Opinion delivered September 19, 1977
(In Banc)

*Frank C. Elcan II,* for appellant.

*Bill Clinton,* Atty. Gen., by: *B. J. McCoy,* Asst. Atty. Gen., for appellee.

CONLEY BYRD, Justice. Appellant, who had received a suspended sentence upon some forgery and uttering charges in 1974, was arrested on July 29, 1976 on a theft of property charge. Pursuant to a petition for revocation filed on November 23, 1976, the trial court on December 1, 1976, revoked a portion of appellant's suspended sentence. For reversal appellant contends that he was entitled to have the petition for revocation dismissed because of the 60 day limitation set out in Ark. Stat. Ann. § 41-1209(2) (1976 Crim. Code). That statute in so far as applicable provides:

> "A suspension or probation shall not be revoked except after a revocation hearing. Such hearing shall be conducted by the court that suspended imposition of sentence on defendant or placed him on probation

within a reasonable period of time, *not to exceed 60 days, after the defendant's arrest. . . ."* [Emphasis ours]

The State to support the action of the trial court points out that the July 29th arrest was upon a theft of property charge and was not an arrest for a revocation or suspension of the suspended sentence pursuant to Ark. Stat. Ann. § 41-1208 (1976 Ark. Crim. Code). The State also contends that the 60 day time limit in Ark. Stat. Ann. § 41-1209(2), *supra,* runs from the date of the arrest provided for in Ark. Stat. Ann. § 41-1208 (1976 Ark. Crim. Code).

When we give a rational interpretation to the 60 day limitation, in accordance with the intent and purposes of the statute, we must agree with the State's interpretation of the statute. It follows that the trial court did not err in revoking the suspended sentence.

Affirmed.