Sam BLAKE *v.* STATE of Arkansas

CR 77-139                                    556 S.W. 2d 427

Opinion delivered October 17, 1977
(Division I)

*Vincent E. Skillman, Jr.,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Robert J. Govar,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. In 1974 Blake pleaded guilty to a charge of grand larceny and was placed on probation for five years. On May 30, 1976, Blake was arrested upon a charge of rape. On July 26 the prosecuting attorney filed a petition asking that the earlier probation be revoked, on the basis of the asserted rape. The rape case was tried in September, ending in a mistrial. The State apparently elected to proceed with the revocation matter rather than retry the rape case. After a hearing in February, 1977, at which evidence about the alleged rape was introduced, the circuit judge revoked the probation. This appeal is from that order.

Blake argues that the revocation order should be set aside, because the hearing was not had within 60 days after the petition for revocation was filed. The 60-day limitation, however, begins to run from the date of the defendant's arrest for a violation of the terms of suspension. Ark. Stat. Ann. § 41-1209 (2) (Crim. Code 1976); *Walker* v. *State,* 262 Ark. 215, 555 S.W. 2d 228 (1977). Here Blake was arrested upon the rape charge that was filed in May, not upon the revocation petition that was filed in July. The record does not show whether Blake was released on bond pending the trial of the rape case, though it does appear that he is now out on bond pending this appeal.

Whatever may be the rule when a defendant is arrested upon a petition to revoke a suspended sentence, we certainly cannot say that the 60-day limitation is mandatory when there is no such arrest. In many instances the defendant may prefer that the revocation matter be deferred until the disposition of an underlying charge, such as that of rape in this case. Here there was no objection to the delay, no request for an earlier hearing, nor any showing of prejudice. On the merits we find no abuse of the court's discretion in the revocation, which is amply supported by the proof that was heard.

Affirmed.

We agree. HOLT, ROY, and HICKMAN, JJ.