Billy J. LINCOLN *v.* STATE of Arkansas

CR 77-179                                     558 S.W. 2d 146

Opinion delivered December 5, 1977
(In Banc)

*Don Langston,* for petitioner.

*Bill Clinton,* Atty. Gen., by: *Joseph H. Purvis,* Asst. Atty. Gen., for respondent.

GEORGE ROSE SMITH, Justice. Billy J. Lincoln, an inmate in the Department of Correction, filed in this court a petition for a writ of habeas corpus, asking for his release from custody on the ground that a circuit court order revoking an earlier suspended sentence is void. We treat the petition as one for a writ of certiorari to review an assertedly void order.

On the basis of the entire record of the proceedings in the circuit court we find the order of revocation to be valid and therefore deny the writ.

In 1973, upon a plea of nolo contendere, the circuit court found Lincoln guilty of possession of drugs and imposed a 5-year sentence, with 3 years suspended. Upon his release from the penitentiary Lincoln moved to Texas. In June of 1977 Lincoln returned to Fort Smith, Arkansas, and got into a public fight with Mary Woods, with whom he had been living for several years. Two police officers were called, who separated the two combatants and placed Lincoln under arrest. He was charged with the possession of a firearm by a felon and with third-degree battery. The arrest was on June 13 or 14. On the basis of the charges the prosecuting attorney filed, on June 17, a petition to revoke the suspended sentence. On June 21 Lincoln was tried by the Fort Smith municipal court upon the pending charges, was found guilty, and was sentenced to six months in jail and to fines of $500 and $50.

A hearing upon the petition to revoke the suspended sentence was set for September 1, which was the 79th or 80th day after Lincoln's arrest. On the afternoon before that hearing the public defender filed a motion to dismiss the petition for revocation, on the ground that more than 60 days had passed since Lincoln's arrest. On September 1 the circuit judge denied that motion, heard testimony about the fight and Lincoln's possession of a pistol, revoked the suspension, and sentenced Lincoln to serve 2½ years in the Department of Correction. Upon the recommendation of both the public defender and the prosecutor, Lincoln was given credit for 79 days of jail time.

This case is essentially controlled by *Blake* v. *State*, 262 Ark. 301, 556 S.W. 2d 427 (1977), and *Walker* v. *State*, 262 Ark. 215, 555 S.W. 2d 228 (1977), where we held that the 60-day limit contained in Ark. Stat. Ann. § 41-1209 (Crim. Code 1976) begins to run from a defendant's arrest for a violation of the terms of suspension, not from his arrest upon other charges. The only significant difference between this case and the earlier ones is that here Lincoln did file a motion to dismiss the petition for revocation before it was heard by the circuit court. That difference, however, is immaterial,

because Lincoln was not confined to jail as a result of the petition for revocation. His confinement was due solely to his arrest upon other charges, which were tried in the municipal court within 8 days after the arrest and resulted in a conviction. There was no request by Lincoln for an earlier hearing upon the petition for a revocation of the suspension. No error is shown.

We have decided this matter on the merits, because the application of Supreme Court Rule 9 to this type of proceeding is perhaps not completely clear; but we point out for the future that when such a petition is accompanied by a single copy of the record of the proceedings in the trial court, that record should be abstracted in accordance with Rule 9.

Writ denied.

BYRD, J., not participating.