Larry RUTLEDGE *v.* STATE of Arkansas

CR 78-7 & CR 78-8                    564 S.W. 2d 511

Opinion delivered April 24, 1978
(Division II)

*S. Wooten Epes* and *Charles P. Allen,* for appellant.

*Bill Clinton,* Atty. Gen., by: *James Smedley,* Asst. Atty. Gen., for appellee.

CONLEY BYRD, Justice. In April 1975, appellant Larry Rutledge received a ten year suspended sentence upon two counts of burglary and grand larceny. Subsequently, on June 16, 1977, appellant was convicted by a jury for burglary and theft of property in the same county. The State then served upon appellant a petition to revoke the ten year suspended sentence on the sole basis of his subsequent conviction. The trial court, after taking judicial notice of the conviction on June 16, 1977, revoked the 1975 suspended sentence. For reversal appellant raises the issues hereinafter discussed.

POINT I. Appellant is correct in that Ark. Stat. Ann. § 41-1209 (2) (Repl. 1977), requires the trial court, in revoking

a suspension or probation, to prepare and furnish "to the defendant a written statement of the evidence relied on and the reasons for revoking suspension or probation." The order entered by the trial court does not give a statement of the evidence relied on and the reasons for the revocation. However, since the "Bill of Exceptions" signed by the trial court and approved as to form by the attorneys for the State and appellant shows that the trial court relied upon the June 16, 1977, convictions and that it revoked the suspension based upon the said convictions, it appears that the trial court has substantially complied with Ark. Stat. Ann. § 41-1209 (2) (Repl. 1977). Consequently, we hold appellant's contention of error without merit.

POINT II. Appellant contends that the trial court erred in revoking the suspended sentence upon the subsequent convictions while those convictions were pending on appeal. Since appellant may lawfully be held in prison upon the subsequent convictions pending appeal—*i.e.* such convictions are not subject to collateral attack—we must agree with the State that the trial court did not err in revoking the suspension. See *Burton* v. *State*, 253 Ark. 312, 485 S.W. 2d 750 (1972), and *Alexander* v. *State*, 258 Ark. 633, 527 S.W. 2d 927 (1975). However, should the subsequent conviction be set aside on appeal, appellant may very well be entitled to post-conviction relief. See *Alexander* v. *State, supra,* and *State* v. *Guffey,* 253 N.C. 43, 116 S.E. 2d 148 (1960).

POINT III. Appellant's complaint that he did not receive adequate written notice of the time and place of the revocation hearing is not considered by us as it is raised for the first time on appeal. Furthermore, appellant has not even suggested how he was prejudiced by the notice given.

POINT IV. Appellant complains that the trial court should be reversed because it did not grant his request that the proceedings be transcribed by a reporter. Upon the record before us, we find this alleged error to be harmless. The record shows that no evidence was presented and that the trial court, "without objection," was permitted to take judicial notice of the subsequent convictions — the only fact relied upon to revoke the suspension. Thus, since the only fact relied upon was already a matter of record and about

which there could be no dispute, we fail to see how appellant could have been prejudiced.

POINT V. We find no merit to appellant's contention that upon revocation he was entitled to credit on his ten year sentence from the date of April 10, 1975, until the date of revocation on June 24, 1977. See *Minick v. State,* 256 Ark. 564, 509 S.W. 2d 289 (1974). It was only the imposition of the sentence that was suspended during appellant's good behavior and upon the breach of that duty by appellant, the trial court at that time had the right to impose the ten year sentence, Ark. Stat. Ann. § 43-2332 (Repl. 1977).

POINT VI. Appellant's contention that the trial court abused its discretion by taking judicial notice of the subsequent convictions has no merit in view of the fact that the "Bill of Exceptions" shows that the trial court's action was taken without objection.

Neither can we find any merit to appellant's contention that because of the 5 year limitation in Ark. Stat. Ann. § 43-2331 (Repl. 1977), the trial court abused its discretion in imposing the full ten year suspended sentence. Ark. Stat. Ann. § 43-2332 (Repl. 1977), specifically provides that in the event of a violation of the probation ". . . the court may revoke the probation and require him to serve the sentence imposed, . . . "

Affirmed.

We agree: HARRIS, C.J., and HICKMAN and HOWARD, JJ.