Everett WALKER *v.* STATE of Arkansas

CR 78-22                                    565 S.W. 2d 605

Opinion delivered May 22, 1978
(Division I)

*Seay & Bristow,* by: *Bill W. Bristow,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Joyce Williams Warren,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. In 1970 the appellant pleaded guilty to four felony charges and received concurrent 15-year sentences, with 14 years suspended on condition of good behavior. In 1976 the prosecution filed a petition for revocation of the suspended sentences, asserting that Walker had been guilty of, and had been convicted of, various state and federal offenses, including 10 violations of federal firearm laws and the sale of counterfeit money. Walker was confined in a federal penitentiary when the revocation petition was filed. This appeal is from an order granting the petition. Three points for reversal are argued.

First, it is insisted that the entire proceeding should be dismissed because more than five years elapsed between the original suspension and the filing of the revocation petition. Two statutes are cited in support of this contention, but neither is applicable. First, it was provided by Act 438 of 1965, § 1, that periods of probation should not exceed five years. That limitation applied only to judgments granting probation, not to suspended sentences. *Minick v. State,* 256 Ark. 564, 509 S.W. 2d 289 (1974). Second, the Criminal Code, effective January 1, 1976, contained a five-year limitation on both probation and suspended sentences. Ark. Stat. Ann. § 41-1205 (Crim. Code 1976). The Code, however, does not apply to prior offenses, which are to be punished in accordance with preexisting law. § 41-102 (3). Moreover, the Commentary to § 41-1205 pointed out that "present law" (citing the pre-Code statute) sets a five-year limit on probation, but the pronouncement of sentence "can now be suspended" for a period equal to the maximum term of imprisonment. Thus it is evident that the draftsmen of the Code were familiar with the existing law and did not make the Code provision retroactive.

Second, it is argued that the revocation petition should

have been dismissed because of the State's delay in bringing the matter to trial. It is conceded, however, that the delay did not exceed that allowed by Rule 28 of the Rules of Criminal Procedure (1976). We find nothing in the record to show that the actual delay amounted to a denial of due process. It is also suggested in the reply brief that the State did not act within the 180 days allowed by the Interstate Agreement on Detainers. Ark. Stat. Ann., Title 43, Ch. 32 (Repl. 1977). A sufficient answer to this suggestion is that no demand for trial was ever made in compliance with Article III (a) of the Interstate Agreement.

Third, Walker argues that he should be given credit for his nine-month incarceration between the filing of the revocation petition and its disposition. Jail-time credit is appropriate when the prisoner's pretrial incarceration is due to his inability to make bail, but it is not allowable when the delay is due, as here, to his incarceration in another jurisdiction. See *Hughes v. State*, 260 Ark. 399-A, 540 S.W. 2d 592 (1976).

Walker also argues that he should be given credit for his "good behavior" during the years between the imposition of the suspended sentences in 1970 and their revocation in 1977. This argument is presented as a matter of law, no facts having been developed in the trial court. The statutes contemplate that the trial judge, upon the revocation of a suspension or probation, may impose any sentence that might have been imposed originally. §§ 41-1208 and 43-2324 (Repl. 1977). We can find no reason to think that the legislature intended that there be an automatic credit for the duration of a suspended sentence prior to its revocation.

Affirmed.

We agree. HARRIS, C.J., and FOGLEMAN and HOLT, JJ.