William Leslie BOONE *v.* STATE of Arkansas

CR 80-117                                                  603 S.W. 2d 410
Supreme Court of Arkansas
Opinion delivered September 2, 1980

*E. Alvin Schay*, State Appellate Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *James F. Dowden*, Asst. Atty. Gen., for appellee.

RICHARD L. MAYS, Justice. Appellant, William Leslie Boone, appeals from a judgment revoking his suspended sentence, contending that his revocation hearing was not timely held and that proper credit was not given for the time

he had spent in jail. We affirm the judgment with the modification that appellant be given credit for 114 days against his five year sentence.

In 1978, after incarceration for 114 days, appellant pleaded guilty to a charge of false imprisonment and received a suspended sentence of five years. On July 17, 1979, appellant was arrested upon charges of second degree forgery (later reduced to criminal impersonation) and third degree escape. He pleaded guilty to the escape charge on July 19, 1979 and to the reduced charge of criminal impersonation on September 11, 1979, and received 90 day sentences to be served concurrently. While appellant was serving the 90 day sentence, the prosecuting attorney filed a petition for revocation of his five year suspended sentence, and a bench warrant was issued on August 10, 1979, for appellant's arrest. Although the bench warrant was never served, a revocation hearing was held on October 26, 1979 in which appellant's five year suspended sentence was revoked.

First, appellant contends that his revocation hearing was not held within 60 days of his arrest as required by statute. See Ark. Stat. Ann. § 41-1209 (2) (Repl. 1977). Since appellant was already incarcerated on August 10, 1979, when the warrant of arrest on the revocation petition was issued, he contends that the 60-day time limit for his revocation hearing should begin to run from that date since he was "constructively under arrest." Notwithstanding appellant's theory of "constructive arrest," we have consistently held that the statutory 60-day limitation for a revocation hearing begins to run from a defendant's arrest for violation of the terms of suspension, not from his arrest for other charges. *Walker* v. *Srtate*, 262 Ark. 215, 555 S.W. 2d 228 (1977); *Blake* v. *State*, 262 Ark. 301, 556 S.W. 2d 427 (1977); *Lincoln* v. *State*, 262 Ark. 511, 558 S.W. 2d 146 (1977). Since the purpose of the limitation period is to assure that a defendant is not detained in jail for an unreasonable time awaiting his revocation hearing, the limitation loses its meaning when he is already serving time on another charge.

Second, appellant contends that he was entitled to credit on his five year sentence for the period of incarceration in

1978 which preceded his guilty plea to false imprisonment and for time spent in 1979 serving his sentence for criminal impersonation. Our statute requires that a defendant held in custody for conduct that results in a sentence to imprisonment be given credit for the time spent in custody against his sentence. Ark. Stat. Ann. § 41-904 (Repl. 1977). Jail time credit is, therefore, appropriate when a defendant's pretrial incarceration is due to his inability to make bail, but is inappropriate for time served in connection with wholly unrelated charges based on conduct other than for which the defendant is ultimately sentenced. See *Walker* v. *State*, 263 Ark. 485, 565 S.W. 2d 605 (1978). Although we agree — and the state concedes — appellant should have received credit on his revoked suspended sentence for the 114 days he spent in custody awaiting trial on the 1978 charge that resulted in the five year suspended sentence, appellant is not entitled to credit for jail time spent for the crime underlying the revocation of the suspended sentence.

Affirmed as modified.