David Michael REYNOLDS *v.*
STATE of Arkansas

CR 83-148                                     666 S.W.2d 396

Supreme Court of Arkansas
Opinion delivered March 26, 1984

*Erwin L. Davis,* for appellant.

*Steve Clark,* Atty. Gen., by : *Velda West Vanderbilt,* Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. David Michael Reynolds was serving a four year suspended sentence when he was arrested for theft by receiving of a microwave oven and a window air conditioner. Reynolds was a long haul truck driver residing in Benton County, Arkansas. These charges arose out of an investigation by Reynolds' employer which began when these items were missing from one of Reynolds' loads. The employer recovered a microwave oven and a window air conditioner unit from a storage building rented by Reynolds. Charges were filed against Reynolds for this theft in November, 1982. A jury trial was scheduled for August 31, 1983. Six days before the trial, the deputy prosecuting attorney telephoned Reynolds' counsel and told him that she intended to file a petition to revoke appellant's suspended sentence. Appellant's counsel received a copy of the petition two days before the day set for trial, and Reynolds himself received a copy of the petition one day before trial. No summons was issued in connection with this

petition nor was Reynolds arrested in connection with this petition.

The trial court, over the written objections of Reynolds, had the hearing on the petition to revoke his suspended sentence and, after hearing the evidence, did revoke the suspended sentence. Objections made at the trial and on appeal were that the petition had to be dismissed because of irregularities. No motion was made at the trial court for a continuance nor is any argument made on appeal that the trial court was wrong in not granting a continuance to Reynolds. For that reason the judgment is affirmed.

The first argument on appeal is that because Reynolds was not arrested with a warrant for violation of his suspension nor given formal notice of the time and place of the revocation hearing, the trial court was without jurisdiction to hear the petition. Ark. Stat. Ann. § 41-1208 (Repl. 1977) provides that a summons may be issued to the defendant or that he be arrested, with or without a warrant, for violating conditions of his suspension. Reynolds was never arrested for such a violation. The fact that the statute was not strictly complied with would not deprive the trial court of jurisdiction to hear the petition nor void the trial court's action. See *Washington* v. *State*, 273 Ark. 482, 621 S.W.2d 216 (1981). Neither do we find error in the lack of written notice of the time and place of the revocation hearing, in light of the fact that Reynolds did receive actual notice of the time and place of the hearing and did not ask for a continuance.

Reynolds' second argument is that a revocation hearing must be held within sixty days after an arrest, according to Ark. Stat. Ann. § 41-1209 (2) (Repl. 1977). That provision relates to an arrest for violation of the conditions of a suspended sentence and not an arrest on another charge. *Walker* v. *State*, 262 Ark. 215, 555 S.W.2d 228 (1977). In other words, Reynolds was brought to a hearing within sixty days from the time he was notified that the petition for revocation had been filed and that is all that is required.

The last argument of Reynolds is that there was not sufficient evidence to support the trial court's finding that Reynolds had violated the conditions of his suspended sentence. This is purely a question which requires the resolution of the witnesses' credibility and is one within the sound discretion of the trial court. The state produced witnesses from which the trial court could conclude that the microwave oven and the air conditioner were stolen property, that they were stolen from a truck in possession of Reynolds and that he possessed them knowing that they were stolen.

It may be that Reynolds and his counsel would have been entitled to a continuance in view of the late filing of the petition to revoke the suspended sentence and the lack of formal notice. However, that question was not preserved below nor is any argument made on appeal that the court was in error in not granting a continuance. The only arguments made on appeal are that the petition has to be dismissed or the trial court's judgment reversed absolutely. Neither of these arguments is meritorious.

Affirmed.