Raymond Ted BARNES *v.* STATE of Arkansas

CR 87-196                                    742 S.W.2d 925

Supreme Court of Arkansas
Opinion delivered January 25, 1988

*Law Office of Ronald L. Griggs*, by: *Ronald L. Griggs*, for appellant.

*Steve Clark*, Att'y Gen., by: *David B. Eberhard*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. The appellant, Raymond Ted Barnes, was convicted December 10, 1984, of possession of marijuana with intent to deliver. He pleaded guilty and was sentenced to a fine of $10,000 and placed on probation for five years. He was convicted on September 8, 1986, of a second possession with intent to deliver offense and sentenced to ten years imprisonment and a $25,000 fine. The probation resulting from the first conviction was then revoked, and a sentence of ten years was entered for that offense. The appellant challenges the constitutionality of Ark. Code Ann. § 5-4-309 (1987), claiming that its provisions dealing with the manner of revoking probation violate his right to due process of law. He also contends the revocation proceedings did not comply with the statute and that it was a violation of his due process right to revoke probation on the basis of a second conviction which is still on appeal. We find no error and affirm.

### 1. *Constitutionality of the statutes*

At the opening of the probation revocation hearing, the appellant's counsel challenged the constitutionality of Ark. Stat. Ann. §§ 41-1201 through 41-1212 (Repl. 1977 and Supp. 1985) which are now codified as Ark. Code Ann. §§ 5-4-301 through 5-4-320 (1987). However, he did not raise with the trial judge any of the constitutional arguments he asserts on appeal. He did not mention the lack of a provision for jury trial or the standard of proof, and he did not ask the judge to disqualify or otherwise challenge the independence of the judge. After stating that the statutes were unconstitutional, the appellant argued only that § 5-4-309 had not been followed, as he had been neither summoned nor arrested, and that compliance could therefore not be had with § 5-4-310(b)(2) which requires that the revocation hearing be held within 60 days after the arrest. That argument has nothing to do with the allegations here that the statutes are unconstitutional. Even constitutional challenges will not be heard on appeal unless they have been made at the trial court, *Harvey* v. *State*, 292 Ark. 267, 729 S.W.2d 406 (1987); *Sanders* v. *State*, 276 Ark. 342, 635 S.W.2d 222 (1982), so we will move on to the contention that the statutes were not followed.

### 2. *Summons, arrest, and hearing*

Section 5-4-310 does not require that one accused of violation of probation be summoned or arrested. It says only that he may be. The statute does require that the defendant be given prior notice of the time and place of the preliminary hearing, the purpose of the hearing, and the conditions of suspension or probation allegedly violated. While the appellant's counsel argued noncompliance with the statute, he was unable, upon inquiry by the court, to say the appellant was surprised by the timing of the hearing or that he was prejudiced in any way by not having been arrested or summoned. Counsel had received the information about the petition for revocation on October 22, 1986, and had passed it on to the appellant within two weeks of receiving it. The hearing was not held until February 24, 1987.

In *Reynolds* v. *State*, 282 Ark. 98, 666 S.W.2d 396 (1984), we held that the trial court did not lack jurisdiction of a revocation proceeding where there had been no formal arrest of

the appellant. We noted that actual notice of the time and place of the hearing was sufficient. Reynolds also argued that the revocation hearing had not been held within 60 days after he was arrested on the charge which led to the revocation. We said the 60-day provision related to the time for having a hearing after the defendant is notified that the revocation petition had been filed, and ". . . that is all that is required [282 Ark. at 100, 666 S.W.2d at 398]." However, in *Blake* v. *State*, 262 Ark. 301, 556 S.W.2d 427 (1977), we made it clear that when there has been no arrest, the requirement of holding the hearing within 60 days is not absolute:

> Whatever may be the rule when a defendant is arrested upon a petition to revoke a suspended sentence, we certainly cannot say that the 60-day limitation is mandatory when there is no such arrest. In many instances the defendant may prefer that the revocation matter be deferred until disposition of an underlying charge, . . . . Here there was no objection to the delay, no request for an earlier hearing, nor any showing of prejudice. [262 Ark. at 302, 556 S.W.2d at 428]

In the case before us now, the appellant argued at the hearing that the revocation matter should be delayed until after the appeal of the second conviction had been decided. It is clear that the delay of the hearing beyond 60 days caused no prejudice to this appellant. *See also Boone* v. *State*, 270 Ark. 83, 603 S.W.2d 410 (1980).

### 3. Revocation during appeal

The vast majority of jurisdictions which have considered the question have held that the fact that the conviction which results in a revocation petition is on appeal does not prevent revocation from occurring. *See, e.g., State* v. *Roberson*, 165 Conn. 73, 327 A.2d 556 (1973); *State* v. *Barnett*, 112 Ariz. 212, 540 P.2d 684 (1975); *Rubera* v. *Commonwealth*, 355 N.E.2d 800 (Mass. 1974). The cases are collected at Annot., *Propriety of Revocation of Probation for Subsequent Criminal Conviction Which Is Subject to Appeal*, 76 A.L.R.3d 588 (1977), which notes that Texas courts have taken the other view. The *Barnett* case points out that Oklahoma courts have also disagreed with the majority.

We hold that a conviction in violation of probation warrants revocation even though the conviction may have been appealed. A conviction represents either a plea of guilty or nolo contendere or a finding of guilt beyond a reasonable doubt by a judge or jury. Given the fact that a revocation can be had in circumstances where the proof requirement is less stringent, *see* *Morrissey* v. *Brewer*, 408 U.S. 471 (1972), we find no error in revoking probation if a conviction has occurred even though it may be on appeal.

Affirmed.