168

Josiah HOLMES, a/k/a Joe Anthony Holmes *v.*
STATE of Arkansas

CA CR 90-164·                                    803 S.W.2d 563

Court of Appeals of Arkansas
Division I
Opinion delivered February 20, 1991.

*John Joplin*, for appellant.

*Steve Clark*, Att'y Gen., by: *Paul L. Cherry*, Asst. Att'y
Gen., for appellee.

ELIZABETH W. DANIELSON, Judge. The appellant, Josiah
Holmes, entered a plea of guilty on July 20, 1988, to the offense of
forgery and was sentenced to the Arkansas Department of
Correction for five years with three years and eight months
suspended.

A petition to revoke appellant's suspended sentence was filed
on July 26, 1989, alleging that Holmes committed the offense of
shoplifting. He was arrested on July 31, 1989, and posted a
$1,500 bond. On August 9, 1989, Holmes appeared for his
arraignment without an attorney, so his case was reset for August

16. Holmes failed to appear on August 16 and was arrested on a bench warrant September 2, 1989.

Holmes made a motion to dismiss for what he claims was a delay of more than 60 days from the time of his arrest until his revocation hearing. A hearing was held on October 16, 1989, the motion denied, and a judgment revoking Holmes's suspended sentence was entered the same day, sentencing him to three years in the Arkansas Department of Correction with one and one-half years suspended. We affirm.

Holmes's argument on appeal is that the trial court erred in denying his motion to dismiss the revocation of suspended sentence pursuant to Ark. Code Ann. § 5-4-310(b)(2) (1987). That statute states that the revocation hearing shall be conducted by the court that suspended imposition of sentence within a reasonable time, not to exceed 60 days after the defendant's arrest. The purpose of Ark. Code Ann. § 5-4-310(b)(2) is to assure that a defendant is not detained in jail for an unreasonable time awaiting his revocation hearing. *Felix* v. *State*, 20 Ark. App. 44, 723 S.W.2d 839 (1987).

The statutory 60-day limitation for a revocation hearing begins to run from a defendant's arrest for violation of terms of the suspension, not from his arrest for other charges. *Boone* v. *State*, 270 Ark. 83, 603 S.W.2d 410 (1980); *Walker* v. *State*, 262 Ark. 215, 555 S.W.2d 228 (1977); *Blake* v. *State*, 262 Ark. 301, 556 S.W.2d 427 (1977); *Lincoln* v. *State*, 262 Ark. 511, 558 S.W.2d 146 (1977).

Ark. R. Crim. P. 28.3(h) states that periods of delay for good cause should be excluded in computing the time for trial. The period from August 9 until August 16 should be excluded under this rule, as the trial court, upon Holmes's request, postponed his hearing so that he could obtain private counsel.

Ark. R. Crim. P. 28.3(e) states that the period of delay resulting from the absence or unavailability of the defendant shall be excluded in computing the time for trial. A defendant shall be considered absent when his whereabouts are unknown, or when his whereabouts are known but his presence for trial cannot be obtained. Holmes did not appear at the August 16 hearing and had to be served with a bench warrant on September 2 in order to

assure his appearance in court for arraignment on September 6.

Because of the delays caused by the appellant, the time between August 9 and September 2 is excluded in computing the time for trial. Thus, we find that Holmes's revocation hearing was held within 60 days of his arrest as required by Ark. Code Ann. § 5-4-310(b)(2) (1987).

Affirmed.

ROGERS, J. agrees.

MAYFIELD, J., concurs.

MELVIN MAYFIELD, Judge, concurring. I agree with the majority opinion and its application of Ark. R. Crim. P. 28 to this case. *See Lark* v. *State*, 276 Ark. 441, 637 S.W.2d 529 (1982) (proper to look to Rule 28.3 for guidance in computing excludable periods in revocation cases). In addition, I agree with the trial court's statement that the 60-day limitation period should not start to run until the date the appellant was rearrested on September 2, 1989. The court said it was not going to count any time before September 2 because it was appellant's own conduct that caused the delay.

We held in *Phillips* v. *State*, 17 Ark. App. 86, 703 S.W.2d 471 (1986), that a defendant could waive the 60-day limitation period. To hold otherwise, under the circumstances of this case, would allow defendants to cause the 60-day limitation period to run simply by not showing up for preliminary hearing dates in consecutive order, if the court allowed them to stay free on bond. For example, suppose a hearing is set for 30 days from the initial arrest; that defendant does not appear; and that he is arrested the second time. Then suppose that another hearing is set for 20 days after this second arrest but the defendant again fails to appear. Assume he is arrested again; hearing is set 10 days later; and defendant again fails to appear. If the 60-day limitation period does not start from this third arrest, the period would have run—simply because the defendant failed to appear each time. Therefore, I do not believe that the 60-day limitation period should start to run in this case until September 2, 1989.