Brian John WHITE *v.* STATE of Arkansas

CR 96-1233                                        957 S.W.2d 683

Supreme Court of Arkansas
Opinion delivered December 11, 1997

*Sam Sexton III*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Brian John White appeals from a January 25, 1996 judgment revoking his probation and sentencing him to serve six years concurrently on each of four felony charges to which he pleaded guilty in February of 1993. On February 19, 1993, the Benton County Circuit Court placed Brian John White on supervised probation for five years based on two separate cases. In CR 91-544-1, Mr. White was charged with terroristic threatening, theft of property, and fraudulent use of a credit card. In CR 92-339-1, Mr. White was charged with forgery in the second degree. In *White v. State*, 329 Ark. 487, 951 S.W.2d 556 (1997) (*White I*), Mr. White appealed the revocation of his probation in CR 92-339-1, and this Court affirmed the revocation. Mr. White raises the same points on the appeal in this case, CR 91-544-1, and we affirm.

In his first point, Mr. White, citing Ark. Code Ann. § 5-4-310 (Repl. 1993), again argues that because his probation-revocation hearing was not conducted within the requisite sixty-day period after his arrest, the probation revocation petition should have been dismissed. On July 10, 1994, Mr. White was arrested and charged with the June 24, 1994 rape of a twelve-year-old girl. That felony charge resulted in a revocation petition, but the record does not disclose if or when Mr. White was arrested on the revocation petition. Mr. White was ultimately tried on the rape charge and the probation revocation on January 23, 1996.

In *White I*, this Court, affirming the Trial Court, held that Mr. White waived his argument for dismissal, when at an October 17, 1994 hearing, he agreed to having the revocation hearing with the substantive proceedings. This Court, citing *Barnes v. State*, 294 Ark. 369, 742 S.W.2d 369 (1988), stated that "[w]hen a defendant prefers that the revocation matter be deferred until disposition of an underlying charge, he cannot then turn around and complain of delay." *White I*, 329 Ark. at 489; 951 S.W.2d at 557.

Mr. White argues that his constitutional right to a speedy trial was violated due to a delay in hearing the revocation

petition. In *White I*, we held that we had no basis upon which to address that argument because Mr. White had not received a ruling in the Trial Court on the applicability of Ark. R. Crim. P. 28.1 to a revocation proceeding. We reiterate that ruling here. Additionally, we have recently recognized that the constitutional right to a speedy trial does not apply to probation revocations. *Dority v. State*, 329 Ark. 631, 951 S.W.2d 559 (1997).

■ Mr. White also argues that he was not sentenced properly in accordance with Ark. Code Ann. § 16-93-303 (Supp. 1995), which requires that the court enter a judgment and commitment order. As noted in *White I*, the Trial Court entered such an order on January 25, 1996, on the charges for which Mr. White had been placed on probation.

Affirmed.

CORBIN, J., not participating.