2009 Ark. App. 373

**Clifton GHOLSON, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 08–1100.**

Court of Appeals of Arkansas.

May 6, 2009.

C. Brian Williams, West Memphis, for appellant.

Dustin McDaniel, Att'y Gen., by: Leaann J. Irvin, Ass't Att'y Gen., for appellee.

KAREN R. BAKER, Judge.

Appellant Gholson appeals from the revocation of his suspended sentence and the subsequent denial of his motion to vacate the judgment and commitment order. He argues that the trial court had no authority to set aside a nolle prosequi or-

der erroneously entered prior to his revocation hearing and that the erroneously entered order rendered the pending petition nonexistent, which violated his due-process rights. The trial court in this case appropriately entered a judgment *nunc pro tunc* to correct an erroneous judgment. *McCuen v. State*, 338 Ark. 631, 999 S.W.2d 682 (1999). The standard of review here is abuse of discretion. *Id.* We hold the trial court did not abuse its discretion and affirm.

On February 17, 1998, Gholson pled guilty to two counts of battery in the first degree, for which he received a sentence of 240 months' incarceration and 120 months' suspended sentence. On October 9, 2007, the State filed a petition to revoke his suspended sentence, alleging that appellant had violated the following conditions of his suspended sentence: (1) failure to pay fine, costs, and fees; (2) commission of rape; (3) failure to notify the sheriff of his current address and employment. Various scheduling orders and an order directing the return of appellant to the county for the purpose of giving testimony in his revocation case were entered from October 9, 2007 through January 18, 2008. The last scheduling order set the revocation proceeding for March 6, 2008. An order of nolle prosequi as to the petition to revoke was signed and filed of record on February 26, 2008. Despite the fact that the nolle prosequi order was entered, a hearing on the petition to revoke was held on March 6, 2008. The March 6 hearing proceeded as scheduled, and the trial court ultimately revoked Gholson's suspended sentence finding that he had violated the terms of his suspended sentence by committing the act of rape. No one acknowledged or referenced the entry of a nolle prosequi order in this case, prior to, during, or immediately after the revocation hearing.

Appellant later learned of the entry of the nolle prosequi order and filed a motion to set aside the judgment on March 18, 2008. He alleged that pursuant to Ark. R.Crim. P. 37.2, the February 26, 2008 order of nolle prosequi left the court without subject-matter jurisdiction to hear the revocation petition. Gholson amended that motion on March 20, 2008, to clarify that he did not become aware of the order nolle prosequi until March 17, 2008, and to note the absence of a new petition to revoke on the part of the State. On March 25, 2008, the State filed a response, alleging that the order of nolle prosequi was entered and filed erroneously. The State explained that the case number was provided to the prosecuting attorney's office by the Administrative Office of the Courts in a list of active stale cases, and that the order was presented to the trial court in error, having been included in a stack of orders intended to dismiss stale cases in which no activity had occurred within the past year. After a hearing, the trial court set aside the nolle prosequi order, citing that it was a scrivener's error, and simultaneously denied Gholson's motion to set aside his revocation. This appeal followed.

The authority of the court to set aside the order of nolle prosequi directly affects the success or failure of appellant's arguments. Appellant merely states that the "trial court did not have authority to set aside the nolle prosequi order and reinstate the revocation petition as requested by the State." He cites no authority for that proposition, but merely reinforces his assertion by stating that "the State did not give any authority, and appellant has found none, wherein the trial court had the authority to change its order."

Contrary to appellant's suggestion, authority does exist for the trial court to set aside the nolle prosequi order. A circuit court judge may set aside its own

order dismissing charges in a criminal case if the original order was entered in error. *See Webb v. Harrison*, 261 Ark. 279, 547 S.W.2d 748 (1977) (holding that a trial court may set aside its own order in the same term of court without notice to the parties if the original order was entered in error). Additional authority also supports a trial court's authority to set aside an order erroneously entered in a criminal case. While appellant argues that our supreme court does not allow the application of Arkansas Rule of Civil Procedure 60 in criminal cases, he is only partially correct. Our supreme court has specifically acknowledged that the theory behind Rule 60 has been applied in those criminal cases where it recognized a trial court's power to correct a judgment *nunc pro tunc* to make it speak the truth. *State v. Dawson*, 343 Ark. 683, 38 S.W.3d 319 (2001).

As orders entered in error do not speak the truth, courts have the power to enter an amended judgment and commitment order *nunc pro tunc* to correct an erroneous judgment. *McCuen v. State*, 338 Ark. 631, 999 S.W.2d 682 (1999); *Willis v. State*, 90 Ark.App. 281, 205 S.W.3d 189 (2005). Our supreme court has defined a true clerical error, one that may be corrected by *nunc pro tunc* order, as "essentially one that arises not from an exercise of the court's judicial discretion but from a mistake on the part of its officers (or perhaps someone else)." *Francis v. Protective Life Ins. Co.*, 371 Ark. 285, 293, 265 S.W.3d 117, 123 (2007) (citing *Luckes v. Luckes*, 262 Ark. 770, 772, 561 S.W.2d 300, 302 (1978)).

The trial court in this case determined that the entry of the nolle prosequi order resulted from a mistake by an officer of the court, the prosecutor, by presenting the case as one of the many cases in which no activity had occurred in over a year that were ripe for dismissal. The record supports the trial court's finding that the order for nolle prosequi of the petition to revoke was entered in error. The form, which became the erroneously entered nolle prosequi order in this case, was generated in response to a list prepared by the Administrative Office of the Courts (AOC). The AOC list was included in the supplement to the record and identified a list of active stale cases. The prosecutor stated that the intent was to nolle prosequi the stale cases. The list as presented in the briefs was twenty-nine pages of difficult to read case numbers and names including various information regarding the cases. Our review of the list indicates that neither appellant's name nor his case number were included on the list; however, the difficulty in ascertaining the numbers or names on the list demonstrates the ease with which case names and numbers could be misread.

At the hearing on appellant's motion to set aside judgment, the prosecutor explained that the AOC directed the circuit courts to "clean up" the dockets and to close inactive cases. The prosecutor stated that he personally "sat down and went through the docket and spent a number of hours going through those forms. . . . This case happened to be in the midst of that group and I erroneously looked at the docket sheet. . . . The name didn't register at that time. I did a Nolle Pros order and put it in the stack with a number of others, which Your Honor signed off on at some later date." Moreover, it is clear that at no time before or during the hearing on the petition to revoke were the parties or the judge aware that the petition to revoke had been nolle prossed. In conducting the hearing, all parties proceeded as if the petition to revoke was pending.

Our supreme court has explained the wisdom in recognizing the trial court's in-

herent power to correct erroneously entered judgments, particularly when the appellant is fully aware of the nature of the proceedings:

Here, appellant was aware at all times that he was being tried for crimes he committed in 1986. He had been put on notice by the State of the correct dates for the crimes and was not prejudiced by his trial for the 1986 crimes. This case presents the exact situation where a clerical error may have been corrected by a *nunc pro tunc* order. Clerical errors of this type do not entitle appellant to a writ of *habeas corpus.*

Appellant's petition has failed to show that he was being detained without lawful authority. Appellant was not tried for crimes that he had not yet "consummated." A mere clerical error in the offense dates stated in the judgment and commitment order does not negate the jurisdiction of the trial court as the clerical error does not speak the truth. Appellant failed to prove that the judgment and commitment order was invalid on its face or that the trial court lacked jurisdiction over the cause.

*Carter v. Norris,* 367 Ark. 360, 363, 240 S.W.3d 124, 127 (2006) (citations omitted).

Similar to the appellant in *Carter,* appellant was fully aware of the allegations pending against him in this revocation proceeding. He participated in the hearing and was afforded the full opportunity to address each and every allegation presented by the State. The only fact of which he was not aware, at the time of the hearing, was that an order erroneously dismissing his case had been filed with the clerk.

Accordingly, we find no error with the trial court setting aside the nolle prosequi order. With the removal of the nolle prosequi order, the State's petition was unaffected by the erroneously entered order.

Appellant contends that his due process rights were violated because, as a result of the order for nolle prosequi, the petition requirements of § 5–4–310(b)(3) (Repl. 2006) were not met. Arkansas Code Annotated section 5–4–310(b)(1) provides that a suspension or probation shall not be revoked except after a revocation hearing. Arkansas Code Annotated section 5–4–310(b)(3) states that "[t]he defendant shall be given prior written notice of the: (A) Time and place of the revocation hearing; (B) Purpose of the revocation hearing; and (C) Condition of suspension or probation the defendant is alleged to have violated." Each of the requirements of section 5–4–310 was met in this case.

Appellant does not dispute that he had actual notice of the requirements in Arkansas Code Annotated section 5–4–310(b)(3). Appellant does not argue that the State failed to provide him with notice of the time and place of his revocation hearing, the purpose of the revocation hearing, and the conditions of suspension that he was alleged to have violated. *See* Ark.Code Ann. § 5–4–310(b)(3). Here, appellant was present at the hearing, was provided the opportunity to hear and controvert evidence against him at the hearing, was provided the opportunity to offer evidence in his own defense, and was represented by counsel. *See* Ark.Code Ann. § 5–4–310(b)(4) (Repl.2006) (stating that "the defendant has the right to: (A) Hear and controvert evidence against him or her; (B) Offer evidence in his or her own defense; and (C) Be represented by counsel"). *See Reynolds v. State,* 282 Ark. 98, 666 S.W.2d 396 (1984) (holding that in light of the fact that Reynolds received actual notice of the time and place of the hearing and did not ask for a continuance, there was no error in the lack of written notice of the time and place of the revocation hearing).

Moreover, appellant has failed to demonstrate that any due process protecting fundamental fairness was not provided to him. He has failed to show any prejudice, without which we will not reverse. Here, a hearing was held, appellant was found to have committed the offense of rape, and the court revoked his probation. Given these unique facts, we cannot say the trial judge abused his discretion in refusing to set aside the judgment and commitment order.

Affirmed.

VAUGHT, C.J., and MARSHALL, J., agree.