Cite as 2017 Ark. App. 464



# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-17-106

| | |
|---|---|
| TYROME HARRIS, SR.<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered:　September 20, 2017<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIRST DIVISION [NO. 60CR-14-3398]<br><br>HONORABLE LEON JOHNSON, JUDGE<br><br>REMANDED TO THE TRIAL COURT TO SUPPLEMENT THE RECORD |

### DAVID M. GLOVER, Judge

Tyrome Harris appeals *pro se* from the trial court's October 20, 2016 denial of his petition for postconviction relief pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure. His overall contention is that the trial court abused its discretion in rejecting his arguments that his trial counsel was ineffective. In his notice of appeal, Tyrome designated "the entire record, and all proceedings, exhibits, evidence, and documents introduced in evidence to be contained in the record on appeal." We cannot reach the merits of the appeal because the record before us does not contain the elements of the record relied upon by the trial court in denying the petition. We therefore remand to the trial court to supplement the record within thirty days from the date of this opinion. Tyrome will then have the option to file a new brief within fifteen days from receipt of the supplemented record, and the State may respond if it chooses.

Tyrome pled guilty to the underlying offense of first-degree battery, and as part of his plea, according to the October 20, 2016 order denying his Rule 37 petition, "[t]he Court granted the State's motion to *nolle prosequi* the child enhancement and the habitual allegation." On March 7, 2016, Tyrome was sentenced to fifteen years in the Arkansas Department of Correction, with an additional five years' suspended imposition of sentence. He was given credit for 535 days spent in custody. The sentencing order was filed on March 11, 2016.

On April 22, 2016, Tyrome filed his Rule 37 petition for postconviction relief, alleging four bases to support his contention that his counsel was ineffective: 1) counsel had a conflict of interest with the alleged victim, 2) the plea agreement was for no enhancements or habitual offender, 3) incorrect jail-time credit, and 4) the failure to advise him that he would be required to serve 100 percent of his sentence because of a prior felony conviction. On June 7, 2016, Tyrome filed a motion seeking a two-page extension to his Rule 37 petition, arguing that it was needed "to show facts that will support grounds that may lead to the correction of my sentence."

There was no hearing on the petition.[1] Rule 37.3(a) provides, "If the petition and the files and records of the case conclusively show that the petitioner is entitled to no relief,

---

[1]The trial court explained in its October 20, 2016 order denying Tyrome's petition:

"Petitioner has failed to show any error made by counsel, any prejudice created by counsel's conduct, or any insistence on going to trial at any point in time. The record clearly demonstrates that Petitioner was correctly apprised of his sentence, that his plea was knowing and voluntary, that trial counsel created no prejudice to the defense during the period of representation, and that Petitioner never expressed the desire to go to trial during the nearly 17-month pendency of the instant case. *If a petition and the files and records of the case conclusively show that the petitioner is entitled to*

the trial court shall make written findings to that effect, specifying any parts of the files, or records that are relied upon to sustain the court's findings." The October 20, 2016 order denying Tyrome's Rule 37 petition provided in pertinent part:

> Petitioner's first claim for post-conviction relief states that trial counsel previously represented the victim in this case on another matter. Petitioner states no additional facts to substantiate this allegation. Furthermore, Petitioner has not raised this issue before the Court neither in his many letters to the Court nor his many appearances before the Court. The Court finds that Petitioner has not met the factual burden on this argument, and is therefore entitled to no relief.

> Petitioner's second ground for post-conviction relief claims that the negotiated plea agreement included a provision to *nolle-prosequi* case 60CR-14-2754 and any enhancements including the habitual offender allegation. On February 8, 2016, Petitioner appeared represented by counsel to enter a plea. Conditioned on the Court's acceptance of a plea of guilty, the State made a motion to *nolle prosequi* case 60CR-14-2754, the child enhancement, and the habitual allegation. The Court then inquired of Petitioner whether he understood the charges, penalty range, rights he was giving up by entering a plea of guilty, whether he completed and initialed the plea statement, and whether Petitioner was freely, knowingly, and voluntarily pleading guilty, all of which the Petitioner responded in the affirmative. The Court accepted the plea as knowingly and voluntarily entered at which time the State's motion to *nolle prosequi* case 60CR-14-2754, the child enhancement, and habitual allegation was granted. The Court finds no merit in Petitioner's argument on this ground and denies any relief on this basis.

> Petitioner's third claim for post-conviction relief states that counsel was ineffective for failing to request that his jail credit run concurrent with four other cases for which Petitioner had previously been sentenced. The Court has no authority over how jail credit is applied through the Department of Correction. Jail time credit is appropriate when a defendant's pretrial incarceration is due to his inability to make bail, but is inappropriate for time served in connection with wholly unrelated charges based on conduct other than for which the defendant is ultimately sentenced. *Boone v. State*, 270 Ark. 83, 603 S.W.2d 410 (1980). Because Petitioner has demonstrated no claim appropriate for post-conviction relief, no relief is available on this ground.

---

*no relief, the Court may dispose of the petition without holding an evidentiary hearing. A.R.Cr. P. 37.3(a)*. Petitioner has failed to show any error made by counsel or any actual prejudice created by counsel's conduct." (Emphasis added.)

Petitioner's final claim for relief states that counsel was ineffective for failing to inform Petitioner that he would be required to serve 100% of his sentence before becoming parole eligible. Petitioner further claims that he was led to believe he would only be required to serve 1/3 or 5 years of the sentence. Petitioner claims this omission rendered his plea involuntary. A review of the record from the sentencing hearing held March 7, 2016 conclusively shows that trial counsel explicitly stated twice on the record that Petitioner would have to serve his sentence day-for-day (Transcript p. 16) and that Petitioner would have to serve 100% of his sentence (Transcript p. 15). The Court finds this claim to be wholly without merit and denies any relief on this ground.

On the same date as the order denying the petition was entered, the trial court entered a separate order denying the request for a two-page extension, concluding that the court's disposition "of defendant's petition through written findings," rendered the motion for a two-page extension moot.

On November 1, 2016,[2] Tyrome filed a motion for reconsideration. He argued that the trial court had failed to address his contentions that he pled guilty based on misinformation and that he would not have pled guilty if he had realized he would have to serve 100 percent of his sentence. On November 28, 2016, Tyrome's notice of appeal was electronically filed. His notice provides that he appeals from the final order of the trial court entered on October 20, 2016. By order entered on December 7, 2016, the trial court denied the motion for reconsideration, finding that "all grounds, including enhancements, were addressed in its order issued on October 20, 2016."

This is a pro se appeal, and it is difficult to understand many of Tyrome's contentions. However, his primary argument in his Rule 37 petition and on appeal is that his counsel

---

[2]The file mark on the typed version says December 29, 2016, but the December 7, 2016 order says it was filed on November 1, 2016, and a handwritten motion appears in the addendum with the November 1 stamp.

was ineffective because he allegedly told Tyrome he would have to serve only one-third of his fifteen-year sentence and never told him he would have to serve 100 percent of his sentence. In rejecting this argument, the trial court explained that the record of the sentencing hearing "conclusively shows that trial counsel explicitly stated twice on the record that Petitioner would have to serve his sentence day-for-day (Transcript p. 16) and that Petitioner would have to serve 100 percent of his sentence (Transcript p. 15)." Yet the transcript of this sentencing hearing was not included in the record before us. As mentioned previously, the trial court concluded that a Rule 37 hearing was not necessary because the record conclusively demonstrated that Tyrome was entitled to no relief. We cannot review Tyrome's claims on appeal without understanding the context relied upon by the trial court in rejecting Tyrome's arguments. We therefore remand this case to the trial court to supplement the record in this appeal to include, at a minimum, the transcript of the sentencing hearing, along with any other files or records relied upon by the trial court in reaching its decision to deny Tyrome's petition.

Remanded to trial court to supplement record.

VIRDEN and MURPHY, JJ., agree.

*Tyrome Harris*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Ashley Priest*, Ass't Att'y Gen., for appellee.