David MARION *v.* STATE of Arkansas

CA CR 81-167 631 S.W. 2d 315

Court of Appeals of Arkansas
Opinion delivered April 14, 1982

*Wayne R. Williams,* for appellant.

*Steve Clark,* Atty. Gen., by: *Arnold M. Jochums,* Asst. Atty. Gen., for appellee.

DONALD L. CORBIN, Judge. On February 8, 1980, appellant, David Marion, was placed on five years' probation following a plea of guilty to a charge of burglary. Appellant's probation was revoked at a hearing held on March 4, 1981. He was then sentenced to two years imprisonment with an additional two years of probation to follow. He was paroled by the Arkansas Department of Correction on July 23, 1981. On October 6, 1981, at a second revocation hearing, appellant's probation was revoked and he was sentenced to two years in the Department of Correction. We reverse.

We agree with appellant that the Court could not impose a two-year probation on appellant in addition to the imprisonment imposed on March 4, 1981. Ark. Stat. Ann. § 41-1208 (6) (Repl. 1977) provides as follows:

> If the court revokes a suspension or probation, it

may enter a judgment of conviction and may impose any sentence on defendant that might have been imposed originally for the offense of which he was found guilty, provided that any sentence to pay a fine or to imprisonment when combined with any previous fine or imprisonment imposed for the same offense shall not exceed the limits of sections 901 [§ 41-901] or 1101 [§ 41-1101], or if applicable, section 1001 [§ 41-1001].

Ark. Stat. Ann. § 41-803 (4) (Repl. 1977) provides in part:

The court may sentence the defendant to a term of imprisonment and suspend imposition of sentence as to an additional term of imprisonment, but the court shall not sentence a defendant to imprisonment and place him on probation, except as authorized by section 1204 [§ 41-1204].

Ark. Stat. Ann. § 41-1204 provides for the placing of a defendant in a county or city jail with conditions of probation, and does not apply to a term of imprisonment at the Department of Correction. Therefore, Ark. Stat. Ann. § 41-1204 is not applicable in the instant case.

Since the court could not impose the two-year probation in addition to the imprisonment, this case is reversed.