Johnny WILLIAMS *v.* STATE of Arkansas

CR 83-96                                          659 S.W.2d 948

Supreme Court of Arkansas
Opinion delivered November 7, 1983

Petitioner, *pro se.*

*Steve Clark,* Atty. Gen., by: *Michael E. Wheeler,* Asst. Atty. Gen., for respondent.

PER CURIAM. Petitioner Johnny Williams was convicted by a jury of second degree murder and sentenced to a term of 20 years imprisonment in the Arkansas Department of Correction with five years suspended. The Court of Appeals affirmed. *Williams* v. *State,* not designated for publication (March 16, 1983). Before this trial, petitioner's probation on charges of breaking or entering and theft of property was revoked and he was sentenced to ten years imprisonment. The Court of Appeals also affirmed the revocation. *Williams* v. *State,* not designated for publication (March 2, 1983). The two sentences were ordered served consecutively. He now seeks permission to proceed in circuit court for postconviction relief with regard to both the revocation and the murder conviction.

Petitioner was originally placed on three years probation on the charges of breaking or entering and theft of property. When his probation was revoked, he was sentenced to ten years in prison. He contends that it was unlawful for him to be sentenced to a term longer than the probationary period. We disagree. The present law, Ark. Stat. Ann. § 43-2332 (Supp. 1983) which in pertinent part was also in effect at the time petitioner committed the crime for which he was placed on probation) provides that the sentence imposed upon revocation of probation is limited to the sentence imposed or any lesser sentence which might have originally been imposed. In petitioner's case, however, no sentence was imposed; he was simply placed on probation. The term "probation" is defined in Ark. Stat. Ann. § 41-801 (2) (Repl. 1977) as:

> "Probation" or "place on probation" means a procedure whereby a defendant, who pleads or is found guilty, is released by the court *without pronouncement of sentence* but subject to the supervision of a probation officer. (emphasis added)

Hence, the court was free to sentence him to any term it might have imposed originally. *McGee* v. *State,* 271 Ark. 611, 609 S.W.2d 73 (1980). Since the ten-year sentence imposed could have been imposed when he was convicted, we find no error.

With regard to his conviction for murder, petitioner alleges that a conspiracy to conceal evidence existed among the witnesses to the shooting. He further contends that the police did not properly investigate the crime and that witnesses gave conflicting testimony. All these allegations are essentially attacks on the sufficiency of the evidence. Challenges to the evidence are a direct attack on the conviction which must be made on direct appeal. The issue is not cognizable under Rule 37. *Swisher* v. *State*, 257 Ark. 24, 514 S.W.2d 218 (1974).

Petition denied.

HICKMAN, PURTLE and DUDLEY, JJ., dissent.

JOHN I. PURTLE, Justice, dissenting. Petitioner entered a guilty plea on February 3, 1981, and was sentenced to three years probation. Subsequently his probation was revoked, and he was sentenced to ten years in prison. I think appellant correctly contends that it was unlawful for him to be sentenced to a term longer than the probationary period. I agree that sentencing is prescribed by substantive rather than procedural law.

The record shows that appellant entered a guilty plea and the court entered a judgment of three years to be served on probation. The majority simply ignores the fact that a judgment was entered. I have read the record. Written on a page entitled "Judgment and Order of Probation" is the following: "Entered a plea of guilty ... placed on probation for a period of three years." How can reasonable minds argue he was not sentenced? Ark. Stat. Ann. § 43-2332 (Supp. 1983) which deals with probation contains the following language: "Thereupon the court may revoke the probation and require him to serve the sentence imposed, or any lesser sentence which might have been originally imposed." This act has not been changed since 1979. *McGee* v. *State*, 271 Ark. 611, 609 S.W.2d 73 (1980) specifically held "no sentence was imposed," therefore, it is factually different from the present case. *McGee* tried to distinguish *Culpepper* v. *State*, 268 Ark. 263, 595 S.W.2d 220 (1980) but failed. *Culpepper* is still valid law and complies with this dissent and our present law.

Even if we reduced this second sentence for the same crime to three years the appellant still must serve his twenty year sentence. I am of the opinion we should follow the law. This court stated in *Queen* v. *State,* 271 Ark. 929, 612 S.W.2d 95 (1981): "Here, the plea was accepted and the term of probation was five years. Consequently, a later suspended sentence for ten years was improper." Also, *see Easley* v. *State,* 274 Ark. 215, 623 S.W.2d 189 (1981), to the same effect.

Therefore, under the statutes in effect in 1980, the trial court could not sentence petitioner to more than the term imposed, three years. Since petitioner's sentence of 10 years was in excess of the maximum authorized by law, I would modify the sentence in accordance with A.R.Cr.P. Rule 37.1 (c) to a term of three years.

I am authorized to say that HICKMAN and DUDLEY, JJ., join me in this dissent.