Rodney O'Harrison LEE *v.* STATE of Arkansas

CR 88-189                                          772 S.W.2d 324

Supreme Court of Arkansas
Opinion delivered June 19, 1989

*Bill E. Ross,* for appellant.

*Steve Clark,* Att'y Gen., by: *J. Brent Standridge,* Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. In this appeal appellant Rodney O'Harrison Lee challenges the length of the sentence he received upon the trail court's revocation of his probation. We find no error and affirm.

On October 14, 1987, Lee pleaded guilty to three charges: burglary, theft of property, and burglary. In his plea statement, he indicated that he understood the punishment provided by law for the three offenses to be as follows: (1) burglary (imprisonment for not less than five nor more than twenty years, or a fine not to exceed $15,000.00, or by both imprisonment and a fine); (2) theft of property over $200.00 (imprisonment for not less than three nor more than ten years, or a fine not to exceed $10,000.00 or by both imprisonment and a fine); (3) burglary (for not less than five nor more than twenty years, or by fine not to exceed $15,000.00, or by both imprisonment and a fine). The trial court accepted his plea, adjudicated him guilty, and placed him on probation for a

period of five years. As conditions of his probation, he was to lead a law abiding life, not commit any criminal violation, pay restitution of $25.00 per month, pay a probation fee of $10.00 per month, and serve a term of ninety days in the county jail, with credit for thirty days. The order of probation further provided that "[v]iolation of any condition may result in your imprisonment for a term of not less than three years nor more than 50 years, and a fine of $25,000.00."

On March 9, 1988, the prosecuting attorney filed a petition for revocation of probation on the basis that Lee had been charged with aggravated robbery allegedly committed on January 7, 1988. After a hearing on the petition, the trial court found that Lee had violated his probation by committing the robbery, revoked his probation, and sentenced him to forty years imprisonment on the three charges with jail time credit from April 19, 1988. From this order, he appeals.

For reversal, Lee first contends that the trial court erred in sentencing him to forty years imprisonment in that the length of a defendant's sentence upon revocation of probation is limited to the length of the sentence originally imposed. We disagree inasmuch as the trial court did not originally impose a sentence upon Lee but merely placed him on probation.

██ If a defendant is found guilty of an offense other than capital murder, treason, a Class Y felony, or murder in the second degree, the court may suspend imposition of sentence, suspend the execution of sentence, *place the defendant on probation*, sentence him to imprisonment, a fine, or both, or order him to make restitution. Ark. Code Ann. §§ 5-4-104 (Supp. 1987), 5-4-301 (1987), and 60-90-115 (1987). "Probation" is a procedure whereby a defendant who pleads or is found guilty of an offense is released without pronouncement of sentence subject to the supervision of a probation officer. Ark. Code Ann. § 5-4-101(2) (1987).

██ If a court suspends the imposition of sentence on a defendant or *places him on probation*, it may require, as an additional condition of its order, that the defendant serve a period of confinement, not to exceed ninety days in the case of a felony, in the county jail, city jail, or other authorized detentional, correctional, or rehabilitative facility. Ark. Code Ann. § 5-4-304

(1987). An order that the defendant serve a period of confinement as a condition of suspension or probation shall not be deemed a sentence to a term of imprisonment, and the court need not enter a judgment of conviction before imposing such a condition. *Id.* If the suspension or probation is subsequently revoked and the defendant is sentenced to a term of imprisonment, the period actually spent in confinement shall be credited against the subsequent sentence. *Id.*

■ If the trial court revokes a probation, it may enter a judgment of conviction and may impose any sentence on the defendant that might have been imposed originally for the offense of which he was found guilty. Ark. Code. Ann. § 5-4-309(f) (1987). If a sentence was imposed originally, the court may not impose a greater sentence than that imposed. Ark. Code Ann. § 16-93-402(e)(5) (1987).

In several of our cases, we have made a distinction between being sentenced and being placed on probation. In *McGee* v. *State*, 271 Ark. 611, 609 S.W.2d 73 (1980), the appellant entered a plea of nolo contendere to theft of property. The court postponed the pronouncement of sentence, refused to accept the plea, and placed appellant on probation for four years. Subsequently, the court revoked his probation and sentenced him to five years imprisonment. On appeal he argued that the four-year term of probation constituted a sentence imposed and that under the 1979 amendment to § 43-2332 [currently Ark. Code Ann. § 16-93-402(e)(5) (1987)], the subsequent sentence should not have exceeded four years. Citing *Jefferson* v. *State*, 270 Ark. 909, 606 S.W.2d 592 (1980), this court stated that "we recently recognized that specifying a period of probation in no way limited a trial court on revocation when no sentence had been imposed or pronounced" and that "[n]othing in *Culpepper* v. *State*, 268 Ark. 263, 595 S.W.2d 220 (1980), was meant to suggest otherwise." Accordingly, we denied the appellant relief on the ground that no sentence was imposed at the time he was placed on probation.

In *Williams* v. *State*, 280 Ark. 543, 659 S.W.2d 948 (1983), the appellant entered a plea of guilty, the plea was accepted, he was placed on probation for three years, and judgment was entered to that effect. Later appellant's probation was revoked, and he was sentenced to ten years imprisonment. On appeal he

contended that the subsequent sentence should not have exceeded the term of probation. This court disagreed. We first noted that Ark. Stat. Ann. § 43-2332 (Supp. 1983) provided that the sentence imposed upon revocation of probation is limited to the sentence imposed or any lesser sentence which might have originally been imposed. Next, we stated that in appellant's case, no sentence was imposed; he was simply placed on probation. Since a ten-year sentence could have been imposed originally, we held that the ten-year sentence imposed upon revocation was proper.

In *Diffee* v. *State*, 290 Ark. 194, 718 S.W.2d 94 (1986), the appellant pleaded guilty to obtaining drugs by fraud, and the court entered an order taking the plea under advisement, fining the defendant $500.00 and costs of $75.00, and placing her on probation for three years, on specified conditions. As a matter of law, the court accepted the plea by taking it under advisement. *See Hunter* v. *State*, 278 Ark. 428, 645 S.W.2d 954 (1983). Thereafter, the court revoked her probation and sentenced her to five years imprisonment. On appeal she contended that the $500.00 fine levied was the sentence imposed, and since the fine had already been paid, the court was precluded from sentencing her to prison upon revocation. Citing *McGee, supra,* we stated that "[w]e do not regard the $500 fine as a 'sentence imposed,' because the statute is directed to a revocation of probation and thus is referring to the possible sentence to imprisonment that gave rise to the probation." Accordingly, we held that Ark. Stat. Ann. § 43-2332 (Supp. 1985) provided her no relief.

In the case at bar, it is clear that the trial court did not impose a sentence by accepting Lee's guilty plea, adjudicating him guilty, and placing him on probation for five years. *See Williams, supra. See also Diffee, supra.* In addition, no sentence was imposed when the court ordered him to serve ninety days in the county jail, Ark. Code Ann. § 5-4-304 (1987), pay restitution of $25.00 per month, or pay a probation fee of $10.00 per month as conditions of his probation. Therefore, the trial court, in sentencing Lee upon revocation of his probation, was not limited by Ark. Code Ann. § 16-93-402(e)(5) to the length of the sentence originally imposed, but instead was free to impose any sentence that it might have imposed originally for the three charges to which Lee pleaded guilty (burglary, theft of property, and

burglary). *See* Ark. Code Ann. § 5-4-309(f) (1987). In sum, the court properly sentenced Lee to forty years imprisonment. *See* Ark. Code Ann. § 5-4-401 (1987).

In so holding, we note that the sentence imposed for the three charges was aggregate. Ark. Code Ann. § 5-4-403(a) (1987) provides that when multiple sentences of imprisonment are imposed on a defendant convicted of more than one offense, the sentences shall run concurrently unless the trial court orders the sentences to run consecutively.

Undoubtedly, it would have been better practice for the trial court to have sentenced Lee separately on each of the charges and specifically indicated whether the sentences were to run consecutively or concurrently. However, it is obvious that the court ran at least two of the sentences consecutively by sentencing Lee to forty years imprisonment. In addition, Lee made no objection at trial and makes no argument on appeal concerning the trial court's failure to do so. Thus, we do not consider whether the trial court erred in this regard.

Lee also contends that the trial court erred in sentencing him to a greater number of years than originally authorized in that only one five-year probationary period was given on all charges. In support of this contention, he states as follows:

> And once appellant was sentenced to the one five year probation [on all charges], then he could not be legally sentenced in excess of the longest term under the three charges which would have been burglary under Count II or III for a total maximum of 20 years.

■   Since Lee neither cites authority nor makes convincing argument in support of this point, we do not consider it. It is well established that we do not consider arguments on appeal that are unsupported by convincing argument or authority, unless it is apparent without further research that they are well taken. *See Garza v. State*, 293 Ark. 175, 735 S.W.2d 702 (1987).

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. This is the first time in our history that an accused has been sentenced to a term of forty

years without having a trial. Apparently the theory is that if a defendant has had one trial, even if it was for another crime, he may be found guilty on future charges simply by filing a petition for revocation of probation. In 1987, the appellant pleaded guilty to burglary and theft of property and received a sentence of five years probation. The usual restrictions against violations of law were included in the terms of the probation. He was also assessed costs, and probation fees, and given a ninety day jail sentence.

The petitioner allegedly participated in an aggravated robbery on January 7, 1988. The prosecuting attorney filed a petition for revocation of probation on March 9, 1988. At the conclusion of the hearing on revocation, the court stated that it was "convinced that you were involved in the robbery and that you did exert physical force by throwing a substance upon the victim and nearly blinding him. . . . [T]his court hereby sentences you to a term of forty years in the Arkansas Department of Correction." I do not believe our society has reached a point where it is willing to require a person to serve forty years in prison without being adjudged guilty of the crime for which he is actually sentenced by a jury of his peers.

There is no dispute concerning what occurred in 1987. The appellant entered a guilty plea, was given a probationary sentence of five years, and was required to execute a written contract regarding the conditions of his probation. He also served ninety days in the Mississippi County jail. Furthermore, he was required to pay restitution and court costs. A document, which was entitled "Judgment, Commitment, Order of Probation, or Suspending Imposition of Sentence," was entered after the guilty plea in 1987. Although the maximum term to which the appellant could have been sentenced at the time for a Class B felony was twenty years, the trial court nevertheless stated that a violation of the terms of probation would result in a possible sentence of fifty years.

It is generally understood that penal statutes are strictly construed in favor of an accused and will not be imposed in the absence of the clearly expressed will by the lawmakers. *State v. Bocksnick*, 268 Ark. 74, 593 S.W.2d 176 (1980). As we stated in *Weber* v. *State*, 250 Ark. 566, 466 S.W.2d 257 (1971): "[C]riminal statutes are strictly construed, and nothing can be

added or taken away from the precise or express language of the Act."

It appears that we have returned to the problem that faced us in *Culpepper* v. *State*, 268 Ark. 263, 595 S.W.2d 220 (1980). Every time the legislature enacts a law and it starts functioning well, some complaining judge, prosecutor, or citizen pressures the General Assembly to change it. The impression is created, through an orchestrated campaign of fear, that unless the law is changed, the criminals will take over the country. By the time the revision reaches the bench and bar, someone else has persuaded the legislature to change it again. Sometimes this court contributes to the confusion by changing our rules too frequently. We need some stability in the law and the sentencing procedure as well as consistency in judicial rules and opinions.

At the time of the petitioner's sentencing in 1987, he could have been sentenced to imprisonment as authorized by Ark. Code Ann. §§ 5-4-401—5-4-404; or probation as authorized by §§ 5-4-301—5-4-311; or the payment of a fine as authorized by §§ 5-4-201—5-4-204; or imprisonment and the payment of a fine as provided in § 5-4-104(d) (1987). The court could have, in addition or alternatively suspended the execution of the sentence or suspended imposition of the sentence.

It is clear from the record that the court sentenced the appellant pursuant to Ark. Code Ann. § 16-90-115(a)(2) (1987) in the 1987 matter. That section authorizes release after sentencing and in part states:

> Suspension of execution of sentence means the procedure whereby a defendant who pleads guilty to, or is found guilty of, a criminal offense is released by the court after pronouncement of sentence.

The appellant was released on probation. At any time during the probation period the probationer may be arrested for violation of probation occurring during the probation period. If a probationer is arrested he shall be taken as "speedily as possible" before the court having jurisdiction over him. "Thereupon, the court may revoke the probation and require him to serve the sentence imposed or any lesser sentence which might have been originally imposed." Ark. Code Ann. § 16-93-402 (1987). When the

imposition of a sentence has been suspended, upon breach of the terms of probation, the trial court has the right to impose the original sentence as announced. *Rutledge* v. *State*, 263 Ark. 300, 564 S.W.2d 511 (1978). It does not matter that several years may have passed when a revocation occurs. Any sentence which could have been imposed originally may be imposed if the sentence was not pronounced at the beginning. *McGee* v. *State*, 271 Ark. 611, 609 S.W.2d 73 (1980).

A sentence is controlled by the statute in effect at the date of the commission of the crime. Ark. Const., art. 2, § 17. The courts have the authority to suspend imposition of sentence and place the defendant on probation. The court cannot, however, sentence the accused at a revocation hearing to a second sentence for the commission of a separate crime. *Easley* v. *State*, 274 Ark. 215, 623 S.W.2d 189 (1981). That is exactly what has happened in the case before us. In *Easley* we quoted from *Queen* v. *State*, 271 Ark. 929, 612 S.W.2d 95 (1981), where we noted that we held in both *Maddox* v. *State*, 247 Ark. 553, 446 S.W.2d 210 (1969), and *Cantrell* v. *State*, 258 Ark. 833, 529 S.W.2d 136 (1975), that "where the plea of guilty *was accepted* a later revocation could not exceed the probation period. Here, the plea was accepted and the term of probation was five years. Consequently, a later suspended sentence for ten years was improper." (Emphasis in original.) Sentencing procedures are controlled by statute. *Culpepper* v. *State*, supra.

There is a vast distinction between "suspension of imposition" of a sentence and "suspension of execution" of a sentence. The sentence imposed upon the appellant was for a period of ninety days in jail with the balance of the five years on probation. He was also required to pay a fine and probation costs. Although the court may have intended either to suspend "execution" of the sentence, or suspend "imposition" of the sentence, it did not do so. The sentence was executed at the time appellant served his jail sentence and paid a fine or costs. After a sentence has been placed in execution, the court cannot impose a greater sentence than was originally imposed. See *Hunter* v. *State*, 278 Ark. 428, 645 S.W.2d 954 (1983), where we stated: "Once a valid sentence is put into execution the trial court is without jurisdiction to modify, amend or revise it." See also, *Culpepper, McGee,* and *Rutledge,* supra.

The court could have properly revoked the five year probationary sentence and required appellant to serve the balance of the sentence. It could not, however, legally sentence the appellant for aggravated robbery without benefit of a trial by jury.