Ms. Paula G. Pumphrey, Interim Director Arkansas Adult Probation Commission 1210 Tower Building, 323 Center Street Little Rock, Arkansas 72201
Dear Ms. Pumphrey:
This is in response to your request for an opinion on several questions concerning probation matters. You have posed four questions which will be restated below and answered in the order posed.
You first question is as follows:
 (1) What is the maximum prison sentence that can be imposed upon a probationer who has served time on a probation sentence and has violated the terms and conditions of probation which has subsequently been revoked through a Revocation Hearing? Is time served on probation prior to revocation counted toward the subsequent prison sentence? For example:
 An offender is sentenced to a period of five (5) years probation for Burglary/Theft of Property (which carries a prison sentence of 3 to 10 years). After serving two (2) years of this probation sentence, the offender violates the terms and conditions. A Petition to Revoke is filed and a Revocation Hearing is held resulting in the probation sentence being revoked. Can the probationer receive up to a ten (10) year prison sentence? If so, is it minus the two (2) years already served on probation, or is the probationer only to receive the three (3) remaining years to be served on the initial probation sentence?
The answer to your question, as it is posed in the example, is that if the offender received only probation for the offense, he may be required to serve a ten year prison sentence upon revocation. The relevant statute is A.C.A.5-4-309 (f) which provides:
 (f) If the court revokes a suspension or probation, it may enter a judgment of conviction and may impose any sentence on the defendant that might have been imposed originally for the offense of which he was found guilty, provided that any sentence to pay a fine or to imprisonment when combined with any previous fine or imprisonment imposed for the same offense shall not exceed the limits [set by law].
The principle was discussed recently in Lee v. State,299 Ark. 187, 772 S.W.2d 324 (1989) as follows:
 If the trial court revokes a probation, it may enter a judgment of conviction and may impose any sentence on the defendant that might have been imposed originally for the offense of which he was found guilty. Ark. Code Ann. 5-4-309 (f) (1987). If a sentence was imposed originally, the court may not impose a greater sentence than that imposed. Ark. Code Ann. 16-93-402 (e)(5) (1987).
299 Ark. at 190.
The relevant statutes were also discussed in Williams v. State, 280 Ark. 543, 659 S.W.2d 948 (1983) as follows:
 Petitioner was originally placed on three years probation on the charges of breaking or entering and theft of property. When his probation was revoked, he was sentenced to ten years in prison. He contends that it was unlawful for him to be sentenced to a term longer than the probationary period. We disagree. The present law . . . [A.C.A. 16-93-402 (e)(5)] provides that the sentence imposed upon revocation of probation is limited to the sentence imposed or any lesser sentence which might have originally been imposed. In petitioner's case however, no sentence was imposed; he was simply placed on probation . . . Hence, the court was free to sentence him to any term it might have imposed originally.
280 Ark. at 544.
Finally, the rule was discussed in Gautreaux v. State,22 Ark. App. 130, 736 S.W.2d 23 (1987), as follows:
 The State, citing Ark. Stat. Ann. 41-1208 (5) (Repl. 1977) [A.C.A. 5-4-309], contends that the trial court could revoke the appellant's probation because the appellant was arrested for violations of the conditions of her probation prior to the expiration of the probationary time period. The State's contention is correct where a defendant has pled guilty and imposition of sentence was suspended, or where the defendant is simply placed on probation.
22 Ark. App. at 131.
We should also note that if the defendant was placed on probation and required to serve jail time as provided for in A.C.A. 5-4-304, and his probation is subsequently revoked, the period of jail time be served under 5-4-304 is to be credited against any sentence imposed upon revocation of probation. A.C.A. 5-4-304(d).
Your second question is as follows:
 (2) Can an individual receive a prison sentence for one charge and at the same time receive probation for another charge with supervision to begin following release from prison (subsequently resulting in concurrent (dual) supervision under parole and probation)?
The answer to this question is not entirely clear under current Arkansas law, but it is my opinion that the intention of the legislature was most likely not to allow such an arrangement.
It is clear under Arkansas law that a defendant cannot be sentenced to a term of imprisonment and placed on probation for the same offense. Marion v. State, 4 Ark. App. 359,631 S.W.2d 315 (1982). This conclusion is mandated by A.C.A.5-4-104(e)(3) (Supp. 1989), which provides as follows:
 The court may sentence the defendant to a term of imprisonment and suspend imposition of sentence as to an additional term of imprisonment, but the court shall not sentence a defendant to imprisonment and place him on probation, except as authorized by 5-4-304
[Emphasis added.]
Your question, however, is whether a defendant may be sentenced to a term of imprisonment for one charge and to a term of probation for another. Although the language of the statute is not entirely clear in this regard, it is my opinion that such an action would likely violate the intention of the statute, which is explained in Smith v. State, 18 Ark. App. 152, 713 S.W.2d 231 (1986), as follows:
 Probation is a court-supervised release whereas suspension is unsupervised. A person released from the Department of Correction should be subject to the supervision of parole officials. Since supervision by both the court and the Board of Pardons and Paroles, as would be the case with one who is both a parolee and probationer, is a needless duplication of effort and conducive to jurisdictional disputes, the legislature therefore prohibited the courts from both "sentencing" one to a "term of imprisonment" and placing him on probation.
18 Ark. App. at 160.
Thus, sentencing a defendant to imprisonment for one charge, while placing him on probation for another, with dual supervision after release from prison, would result in a duplication of effort which, in my opinion, the legislature intended to prohibit.
Your third question is as follows:
 (3) Can an individual receive a prison sentence along with a probation sentence to be served following release from prison and completion of parole supervision?
In my opinion the answer to your question is "no". Although this arrangement would not result in a duplication of effort, it is not permitted by A.C.A. 5-4-104(e)(3) which provides that ". . . the court shall not sentence a defendant to imprisonment and place him on probation, except as authorized by 5-4-304."
Your fourth question is as follows:
 In reference to the Interstate Compact Agreement for the supervision of probationers from other states, is it lawful for Arkansas Adult Probation Officers to supervise probationers from other states who have not been adjudicated but have been placed on probation by the courts of other states?
We are a little uncertain as to the terminology used in your question, but will note that the "Uniform Act for Out-of-State Parolee Supervision" (which also applies to probationers), is codified at A.C.A. 16-93-901. It provides under 16-93-901 (1) that:
 . . . it shall be competent for the duly constituted judicial and administrative authorities of a state party to this compact (herein called "sending state"), to permit any person convicted of an offense within such state and placed on probation or released on parole to reside in any other state party to this company (herein called "receiving state"), while on probation or parole . . .
We are not sure what you mean by "probationers from other states who have not been adjudicated but have been placed on probation"; but in any event, it is my opinion that a receiving state does not have a responsibility under the compact to supervise probationers from another state unless they have been convicted in the "sending state" as contemplated above. Although definitions of the term "convicted" may vary with different contexts, in my opinion the term is used in the compact as meaning that a determination of guilt has in some way been made.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
RON FIELDS Attorney General
RF:arb
[1] The section last cited, 5-4-304, provides for the incarceration of those defendants placed on probation or upon whom imposition of sentence has been suspended. It provides for imprisonment in local corrective facilities for no longer than ninety days for a felony, and thirty days for a misdemeanor. It has sometimes been referred to as "shock incarceration".