PHILLIP T. WHITEAKER, Judge
Nathan D. Martin was convicted by the Pulaski County Circuit Court of failing to register as a sex offender after he failed to verify his address as required. On appeal, he challenges the trial court's admission of docket sheets from a North Carolina court as proof he was required to register, claiming the documents were hearsay and improperly authenticated. He also challenges the sufficiency of the evidence to support his conviction. Because there was ample evidence presented to support his conviction, we affirm.
In March 2016, Martin was charged as a habitual offender with failing to verify information necessary to update his registration in violation of the sex-offender-registration act.[1] At a bench trial on the charge, the State presented evidence that Martin had pled guilty in North Carolina to two counts of second-degree sexual offense and two counts of second-degree rape in 1994 and to one count of failure to register as a sex offender in 2010.[2] The State presented further evidence that Martin subsequently *787 moved to Arkansas; that he signed a sex-offender-acknowledgment form in which he acknowledged that he was required to register as a sex offender in the State of Arkansas and understood his obligation to verify his residence with the appropriate authorities; that Martin did not verify his residence; and that there was no record of Martin verifying his registration anywhere in the state as of May 23, 2012-the date by which he was required to report back and verify his information. Based on this evidence, the court found Martin guilty of failing to register as a sex offender, and Martin now appeals.
Martin argues two points on appeal. His first argument is evidentiary-that docket sheets introduced at trial were inadmissible hearsay. His second argument relates to the sufficiency of the evidence to support the conviction-that the State failed to prove that his North Carolina convictions were similar to Arkansas criminal convictions requiring registration. We must address Martin's second argument first because double-jeopardy considerations require this court to review a challenge to the sufficiency of the evidence before we review the other issues on appeal. Jones v. State , 349 Ark. 331, 78 S.W.3d 104 (2002).At the close of the evidence, Martin moved to dismiss, claiming, in part, that the State failed to prove that his North Carolina offenses were similar to Arkansas offenses requiring registration and failed to prove that Martin's North Carolina offenses required registration in North Carolina. The trial court denied his motions to dismiss. We treat a motion to dismiss at a bench trial as a challenge to the sufficiency of the evidence. Stewart v. State , 362 Ark. 400, 208 S.W.3d 768 (2005). In reviewing a challenge to the sufficiency of the evidence, this court determines whether the verdict is supported by substantial evidence, direct or circumstantial. Thornton v. State , 2014 Ark. 157, 433 S.W.3d 216. Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. Id. This court views the evidence in the light most favorable to the verdict, and only evidence supporting the verdict will be considered. Id.
Martin argues on appeal that the State failed to prove that he was required by law to register as a sex offender. More specifically, he argues that the State failed to prove that his North Carolina offenses were similar to any of the statutory offenses requiring registration under Arkansas law. We disagree with his argument and find that the statute does not require such proof when, as here, there is proof of conviction of a crime requiring registration in another state.
Arkansas Code Annotated sections 12-12-906(a)(2)(A) and (B) require registration by a sex offender who is required to register as a sex offender in the jurisdiction in which he or she was adjudicated guilty of a sex offense. A sex offender is defined as a person who is adjudicated guilty of a sex offense and includes those persons who have been adjudicated guilty for an offense of the law of another state which is similar to any of the offenses requiring registration in Arkansas or who have been adjudicated guilty of an offense requiring registration under another state's sex-offender-registration laws. Ark. Code Ann. § 12-12-903(12)(A), (13)(A)(iii) (emphasis added). The statute here reads in the disjunctive. Thus, the State could prove either that the North Carolina offenses were similar to Arkansas offenses requiring registration or that Martin had been adjudicated guilty of an offense requiring registration under North Carolina's registration laws.
Here, the State put on proof that Martin had been convicted of four sexual offenses *788 in North Carolina and that he had also been convicted of failing to register as a sex offender in North Carolina. This evidence sufficiently proves that Martin was convicted of a sex offense requiring him to register in North Carolina and that, as a result, he was required to register and verify his information in Arkansas. Thus, the State met its burden under the statute. To require the State to prove that Martin was required to register under North Carolina registration laws and that those offenses were similar to offenses requiring registration in Arkansas would render the second section of the statute meaningless.
Our review of the evidence in the light most favorable to the verdict confirms that sufficient evidence exists to support Martin's conviction. In addition to the evidence of convictions from North Carolina, the State presented evidence that, upon arriving in Arkansas, Martin met with the sheriff's department and signed an acknowledgment form that informed him of his obligation to register in Arkansas. By signing the form, he agreed to appear in person on a date certain to verify his information. He failed to do so.
Martin next argues that docket sheets admitted by the court were inadmissible hearsay and that the State failed to present a proper foundation for their admissibility. To understand this argument, we need to set forth how this evidence was introduced at the bench trial. The court conducted a bench trial on December 13, 2016. As part of its evidence, the State attempted to introduce certified copies of docket sheets from North Carolina as evidence of Martin's convictions from that state. Defense counsel objected on the grounds of hearsay. The State argued that the documents were not hearsay, and even if deemed hearsay, were admissible under several exceptions to the hearsay rule. After hearing the arguments of counsel, the court held its decision on admission in abeyance to allow the parties to further research the issue. The trial was continued until January 10, 2017. At the beginning of the resumed bench trial, the State introduced certified copies of Martin's convictions for sex offenses in North Carolina and a certified copy of Martin's North Carolina conviction for failure to register as a sex offender.[3] The parties then resumed their arguments over the admissibility of the docket sheets under the hearsay rule. The court ultimately admitted the docket sheets over defense counsel's objection.
We need not reach the merits of Martin's hearsay arguments. Assuming arguendo Martin is correct in arguing that the docket sheets were inadmissible hearsay; when a circuit court errs in admitting evidence, the appellate courts will affirm a conviction and deem the error harmless if the evidence of guilt is overwhelming and the error is slight. Marmolejo v. State , 102 Ark. App. 264, 284 S.W.3d 78 (2008). Here, the evidence of guilt is overwhelming even without consideration of the challenged documents. The State admitted into evidence the North Carolina judgment and commitment orders referred to in the docket sheets. Thus, the docket sheets were merely cumulative of other admissible evidence. Additionally, as shown above, there was sufficient evidence without reference to the docket sheets to support a finding that Martin had committed the crime of failure to comply with registration *789 requirements-a Class C felony. As a result, even assuming that the trial court erred in admitting the alleged hearsay documents, any error in their admission was harmless. See Jones v. State , 2012 Ark. App. 69, 388 S.W.3d 503.
Affirmed.
Gruber, C.J., and Hixson, J., agree.

The Sex Offender Registration Act of 1997, codified at Arkansas Code Annotated sections 12-12-901 to -923 (Repl. 2009), mandates that sex offenders, as defined by the statute, comply with registration requirements including the verification of address.

The 1994 convictions arose in two separate cases: North Carolina file numbers 93CRS-24687 and 93CRS-24688.

Counsel objected, claiming that the documents' admission should be disallowed as a violation of discovery as they were provided to defense counsel the morning of trial. The trial court overruled the objection, and the documents were admitted. Martin does not challenge this ruling on appeal.