Cite as 2025 Ark. App. 481

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-25-34

| | |
|---|---|
| MICAH JACKSON<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | Opinion Delivered October 22, 2025<br><br>APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT<br>[NO. 17CR-22-581]<br><br>HONORABLE CANDICE A. SETTLE, JUDGE<br><br>AFFIRMED |

## N. MARK KLAPPENBACH, Chief Judge

In December 2023, Micah Jackson pleaded guilty to failure to appear, and imposition of any sentence was suspended for eight years subject to conditions, which included that he register as a sex offender.[1] The circuit court revoked Jackson's suspended imposition of sentence (SIS) for his failure to comply with the sex-offender-registration requirements and suspended imposition of a sentence for a period of ten years. Jackson appeals, arguing that the circuit court clearly erred in finding that he inexcusably violated the SIS conditions. We affirm.

---

[1]Jackson also pleaded guilty to internet stalking of a child in case number 17CR-21-74 and was given an eight-year SIS. There is one sentencing order and a set of special conditions that apply to both cases. The appeal of his revocation in the stalking case is submitted as a companion appeal, *Jackson v. State*, 2025 Ark. App. 480.

To support revocation, the State must prove a violation of the conditions by a preponderance of the evidence. *Williams v. State*, 2019 Ark. App. 437, 586 S.W.3d 208. However, the State need only prove a defendant violated one condition in order to revoke. *Id.* We will not reverse the circuit court's decision to revoke unless it is clearly erroneous or clearly against the preponderance of the evidence. *Id.* When evaluating whether a defendant violated the terms and conditions of probation, the appellate court defers to the circuit court's determinations regarding the credibility of witnesses and the weight to be given testimony. *Day v. State*, 2024 Ark. App. 132, 685 S.W.3d 337.

The evidence presented at the October 2024 hearing is straightforward. When Jackson filled out the paperwork on December 1, 2023, to register as a sex offender, he listed his residence as 703 Spruce Street in Van Buren. He was advised of the rules of sex-offender registration and given a copy. The registration rules required that he verify his residence with law enforcement in person within five days and that he inform the reporting office of any change of address within five days. Ark. Code Ann. §§ 12-12-901 to -923 (Repl. 2016 & Supp. 2023); *Martin v. State*, 2018 Ark. App. 143, 545 S.W.3d 785.

On February 14, 2024, as part of a compliance check, a Van Buren police investigator went to Spruce Street to see if Jackson lived there. The house belonged to the grandmother of Jackson's girlfriend. The girlfriend's mother told the investigator that Jackson never lived there. Jackson's girlfriend also said he did not live there, although at the hearing, she offered confusing and contradictory explanations about where he and she resided.

Jackson testified about his prior residence in an apartment but said he put the Spruce Street address on the form because he and his girlfriend were between residences. He offered contradictory and unclear details when pressed to tell where he lived and when. The investigator said that Jackson should have informed him correctly about where he lived on December 1 or informed him that he was homeless. In short, Jackson was required to timely verify the Spruce Street address and notify authorities of any change of address. Additionally, Jackson failed to "check in" on June 1, 2024, as required.

The circuit court found Jackson and his girlfriend not credible. The circuit court found Jackson in violation of the conditions of his SIS and sentenced him accordingly.

Jackson argues that there was simply a misunderstanding and that extraordinary circumstances made his violations excusable. This is not persuasive given the circuit court's finding that the testimony of Jackson and his girlfriend was not credible. We hold that the circuit court did not clearly err in finding that the State proved by a preponderance of the evidence Jackson's noncompliance with the conditions of his SIS and in ordering its revocation.

Affirmed.

HARRISON and BROWN, JJ., agree.

K. "Presley" Hager Turner, for appellant.

Tim Griffin, Att'y Gen., by: Jacob Jones, Ass't Att'y Gen., for appellee.